IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE KELLER and SHIRLEY
KELLER, his wife,

      Plaintiffs,

v.                                                        No. CIV 98-0587 JHG/LCS

GARY LYNCH and CINDY LYNCH,
his wife, jointly d/b/a GARY LYNCH
REALTY, a New Mexico sole
proprietorship, THE VILLAGE OF
RUIDOSO, SERGEANT T.J. McBRIDE
in his official and individual capacities,
OFFICER DOUGLAS FORD in his
official and individual capacities, TOMMIE
STRACK and JOAN HOLT, a/k/a
JOANIE HOLT,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the following motions: 1) Defendant's Motion for Summary Judgment, filed January 26, 2000; 2) Plaintiffs' Alternative Rule 56(f) Motion for Continuance, filed March 27, 2000; and 3) Plaintiffs' Motion to Amend Complaint, filed March 27, 2000. Having reviewed the motions, the memoranda in support and in opposition, and the relevant law, the Court finds that Defendant's motion for summary judgment is well taken and will be granted. Plaintiffs' motion pursuant to Fed.R.Civ.P.56(f) and Plaintiffs' motion to amend their Second Amended Complaint are denied as moot.

## I. Factual Background

On August 12, 1997, Plaintiffs Eddie and Shirley Keller and the Mooneyhams rented Defendant Tommie Strack's Ruidoso cabin. Defendants Gary and Cindy Lynch, owners of Gary Lynch Realty, handled the transaction. It was the practice of Defendants Lynch to give Defendant Strack advanced notice of any rental. However, Defendants Lynch did not notify Defendant Strack about the rental of her cabin to the Plaintiffs and the Mooneyhams.

On August 13, 1997, Plaintiff Eddie Keller was alone in the cabin. Defendant Strack, unaware that her cabin had been rented, asked her friend, Defendant Holt, to retrieve some artist's supplies she had left behind in the cabin. Defendant Strack specifically told Defendant Holt that the cabin would not be occupied until August 23, 1997. She did not advise Defendant Holt of any need to determine whether the cabin was rented prior to retrieving the artist's supplies. In fact, Defendant Strack intended to stay in the cabin at the time of the incident which is the basis of this action.

Defendant Strack gave Defendant Holt a key to the cabin. However, Defendant Holt never had a key to the cabin prior to the August 12, 1997 incident and did not keep a key after the incident. When Defendant Holt arrived at the cabin, she found the door ajar. Believing it was the maid, Defendant Holt entered the cabin and called out to determine who was there. Defendant Holt did not see any visible signs of a renter in the cabin, such as luggage or articles of clothing. In response she heard a man yell, "What the hell do you want?" This kind of response frightened her. Defendant Holt was aware that the cabin had been burglarized in the past. Therefore, she immediately left and drove to a local business. At the shop owner's suggestion, she called the

2

police.[1]

Police officers responded and entered the cabin to investigate the situation. Initially, Plaintiff Eddie Keller responded aggressively. However, once Sergeant McBride pulled his gun and pointed it at him, Plaintiff Eddie Keller became cooperative. Subsequently, Plaintiffs Eddie and Shirley Keller filed this negligence action against Defendant Holt.

## **II. Standard of Review**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of*

---

[1] In Plaintiffs' response to Defendant Holt's motion for summary judgment, Plaintiffs argue there are facts in dispute which would preclude the Court from granting Defendant Holt's motion. However, the facts Plaintiffs claim are disputed do not raise genuine issues of material fact which would preclude summary judgment.

*Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III. Discussion

#### A. Agency Theory

The Court first addresses whether Defendant Holt was acting as an agent of Defendant Strack when she went to the cabin to retrieve Defendant Strack's supplies. "An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the

4

principal, with or without compensation." *Madsen v. Scott*, 992 P.2d 268, 270, 1999-NMSC-042 (N.M. Nov. 3, 1999)(quoting UJI 13-401 NMRA 1999). "Normally, the question of agency is one of fact." *Fryar v. Employers Insurance of Wausau*, 94 N.M. 77, 80 (1980). The presence of an agency relationship must be determined from all the facts and circumstances of the case together with the conduct and communications between the parties. *Id.*

Under the facts and circumstances of this case, the Court finds as a matter of law that Defendant Holt was not an agent of Defendant Strack. Defendant Strack asked her friend, Defendant Holt, to retrieve her supplies from the cabin and nothing more.

**B. Negligence Action**

The traditional requirements for a cause of action founded upon negligence are duty, breach, proximate causation, and damages. *Coleman v. Eddy Potash*, 120 N.M. 645, 650 (1995). The court must determine as a matter of law whether a particular defendant owes a duty to a particular plaintiff. *Calkins v. Cox*, 110 N.M. 59, 62 (1990). "A duty to an individual is closely intertwined with the foreseeability of injury to that individual resulting from an activity conducted with less than reasonable care by the alleged tort-feasor." *Id.*. Although, the question of duty is an evolving concept under New Mexico law, the traditional legal principles of the tort of negligence, however, remain unaltered: "Ordinary care is required, and use of such ordinary care will relieve potential defendants from liability." *Madrid v. Lincoln County Medical Center*, 121 N.M.133, 139 (Ct. App. 1995)(quoting *Ramirez v. Armstrong*, 100 N.M. 538, 542 (1983), *overruled in part by Ramirez v. Armstrong,* 100 N.M. 457, 460 (1990)).

Foreseeability is a question of law only when a court, in reviewing whether a duty exists, can determine that the victim was unforeseeable to any reasonable mind. *Torres v. State*, 119

N.M. 609, 613 (1995). "If it is found that a plaintiff, and injury to that plaintiff were foreseeable, then a duty is owed to that plaintiff by the defendant." *Ramirez*, 100 N.M. at 541. However, the question of duty is not merely a matter of determining whether a particular plaintiff, a particular event, and a particular injury are foreseeable. *Madrid*, 121 N.M. at 139. In *Ramirez*, the New Mexico Supreme Court focused on foreseeability and whether the obligation of the defendant is one "'to which the law will give recognition and effect.'" 100 N.M. at 541 (quoting William L. Prosser, The Law of Torts § 53, at 324 (4th ed. 1971). The process involves an implicit balancing of interests to determine whether it is reasonable to impose the burden upon the defendant to avoid a particular risk of harm to the plaintiff. *Coleman*, 120 N.M at 650.

Under the facts and circumstances of this case, the Court finds that Defendant Holt's actions were objectively reasonable. She arrived at her friend's cabin, found an unexpected individual in the cabin and reported this to the police. Plaintiff Eddie Keller and the injury he alleges were not foreseeable to Defendant Holt. Accordingly, Defendant Holt's motion for summary judgment is granted.

A judgment in accordance with this memorandum opinion will be entered.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**